**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 1, 2017
Date Decided: November 15, 2017

Stuart M. Grant, Esquire
Nathan A. Cook, Esquire
Rebecca A. Musarra, Esquire
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801

Stephen P. Lamb, Esquire
Meghan M. Dougherty, Esquire
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19899

Donald J. Wolfe, Jr., Esquire
T. Brad Davey, Esquire
Tyler J. Leavengood, Esquire
Jay G. Stirling, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19899

Re: *Oklahoma Firefighters Pension Retirement System, et al., v. Michael L. Corbat, et al.*, Civil Action No. 12151-VCG

Dear Counsel:

Before me is the Defendants' motion to maintain the confidential treatment of redactions to the public versions of the Amended Supplemental Complaint and briefing on the Defendants' Motion to Dismiss. Also before me is the request by a reporter for the Wall Street Journal to lift the confidentiality of these filings pursuant

to Court of Chancery Rule 5.1.[1] The matter involves stockholders purportedly suing derivatively on behalf of Citigroup Inc. ("Citigroup").[2] The Complaint and the briefing on the Motion to Dismiss refer to documents received by the Plaintiffs pursuant to a request under 8 *Del. C.* § 220.[3] Those documents themselves were subject to a confidentiality agreement when produced.[4]

Rule 5.1 starts with the premise that the public has a right to monitor proceedings in this Court and that all filings are presumed to be public.[5] Rule 5.1(b) provides that confidential treatment may be maintained where "good cause" exists, "good cause" being determined by the Court after weighing the harm that would be caused by public disclosure against the public interest in access to court filings.[6] The

---

[1] A request by the Wall Street Journal to lift the confidentiality of certain portions of documents referenced in the Complaint has been addressed by the Defendants, and is, to my understanding, no longer in contention.

[2] Compl. ¶ 399.

[3] *See id.* ¶ 7 (noting that the Plaintiffs "pursued their rights under Section 220 of the General Corporation Law" "to investigate [Citigroup's] nearly decade-long failure and apparent refusal to implement effective controls in diverse lines of its business").

[4] Defs.' Mot. for Continued Confidential Treatment ¶ 1.

[5] *See Horres v. Chick-fil-A, Inc.*, 2013 WL 1223605, at *2 (Del. Ch. Mar. 27, 2013) (noting that "Rule 5.1 reflects the Court of Chancery's commitment to . . . principles" of public access to court records).

[6] Ct. Ch. R. 5.1(b)(2) ("For purposes of this Rule, 'good cause' for Confidential Treatment shall exist only if the public interest in access to Court proceedings is outweighed by the harm that public disclosure of sensitive, non-public information would cause. Examples of categories of information that may qualify as Confidential Information include trade secrets; sensitive proprietary information; sensitive financial, business, or personnel information; sensitive personal information such as medical records; and personally identifying information such as social security numbers, financial account numbers, and the names of minor children."); *see also ADT Holdings, Inc. v. Harris*, 2017 WL 4317245, at *1 (Del. Ch. Sept. 28, 2017) ("In determining whether good cause has been established, the court must 'balanc[e] . . . the public interest against the harm that public disclosure might entail with respect to sensitive nonpublic information.'" (alterations in original) (quoting *Reid v. Siniscalchi*, 2014 WL 6486589, at *1 (Del. Ch. Nov. 20, 2014))).

Defendants suggest that such a weighing here should result in confidentiality being maintained. The Defendants point out that this matter involves oversight by the Directors of the affairs of Citigroup and the compliance of those affairs with law. The Motion to Dismiss turns on whether the provision of such oversight by the Directors demonstrates lack of good faith. The Defendants argue that the redacted portions of the Complaint and the briefing are not necessary for the public to understand the nature and ultimate resolution of their claims, and thus that the public interest in disclosure is entitled to little or no weight. I disagree. The public, particularly the Delaware public, has a strong interest in the workings of a Delaware entity and its compliance with substantive law.[7] The question for me is whether confidentiality is nonetheless in the interest of justice, because the harm of disclosure outweighs that public interest. At oral argument, counsel for the Defendants suggested that it did so and that the interest represented would never become stale— that portions of the Complaint and the briefing now sealed should remain so sealed, forever.[8]

Specifically, redactions in the documents at issue involve communications between Citigroup's management and its Board of Directors concerning its

---

[7] *Cf. VTB Bank v. Navitron Projects Corp.*, 2014 WL 1691250, at *11 (Del. Ch. Apr. 28, 2014) ("Delaware's public interest in having this Court oversee and rectify the conduct of Delaware entities may be so compelling in a particular case that it may militate against dismissal on *forum non conveniens* grounds even where . . . the defendant may otherwise suffer overwhelming hardship if required to litigate in Delaware.").

[8] July 20, 2017 Oral Arg. Tr. 68:1–24.

compliance with law and with regulatory consent orders entered in 2012 and early 2013. Some of the information thus removed from public consideration is at least seven years old. The Defendants contend that making redactions to the documents public would reveal "Citigroup's present and continuing BSA/AML internal controls and compliance protocols, which have the goal of safeguarding the U.S. financial system from illicit financial activity."[9] And they suggest that "[p]ublication of the details regarding Citigroup's efforts to combat such activity— and the potential shortcomings in that effort—is at odds with that goal."[10] Finally, they argue that publication may also harm the Citigroup Board's ability to receive unbiased advice from management and employees. To the extent this is true, the interests are not insignificant. However, it seems to me unlikely that the references in the pleadings to internal procedures and reports which are now several years old can have the adverse public and private impacts described. They may perhaps be embarrassing to the Citigroup Board or management, but any cognizable detriment represented by reference to such stale documents is unlikely to outweigh the public interest in these proceedings.[11]

---

[9] Defs.' Mot. for Continued Confidential Treatment ¶ 10.

[10] *Id.*

[11] *See Sequoia Presidential Yacht Grp. LLC v. FE Partners LLC*, 2013 WL 3724946, at *2 (Del. Ch. July 15, 2013) ("[T]hat the information for which a party seeks confidential treatment may be embarrassing . . . does not alone warrant confidential treatment.").

4

Having so found, I must deny the Defendants' motion, at least in part. Prudence dictates, however, that I direct the Defendants' Delaware counsel to review the redacted portions of the Complaint and the briefing (excluding the exhibits thereto), and to designate for continued confidentiality only those that involve current procedures, revelation of which poses a substantial risk to "the goal of safeguarding the U.S. financial system from illicit financial activity,"[12] if any such risk exists, or risks outing of current proprietary information. The period for such a review will be twenty (20) business days from the date of this Letter Opinion. At the end of that time, the Defendants should work with the Plaintiffs to file public copies removing all other redactions. I will then review any continuing redactions for which the Defendants allege further confidential treatment is required. To the extent that the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[12] Defs.' Mot. for Continued Confidential Treatment ¶ 10.